**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| OWNUM, LLC, | ) |
| | ) CASE NO. 1:19-cv-01043-MN |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| OWNUM, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**
**ON BEHALF OF PLAINTIFF OWNUM, LLC**

**BENESCH, FRIEDLANDER, COPLAN &**
**ARONOFF LLP**

Dated: September 18, 2019

 */s/ Jennifer R. Hoover*
JENNIFER R. HOOVER (DE No. 5111)
KATE HARMON (DE No. 5343)
222 Delaware Avenue, Suite 801
Wilmington, Delaware 19801-1611
Telephone: 302.442.7010
Facsimile: 302.442.7012
Email: jhoover@beneschlaw.com
          kharmon@beneschlaw.com

**FRANTZ WARD LLP**

*/s/ James B. Niehaus*
James B. Niehaus
200 Public Square, Suite 3000
Cleveland, Ohio 44114
Telephone: 216.515.1611
Email: jniehaus@frantzward.com
*Pro Hac Vice*

*Attorneys for Plaintiff Ownum, LLC*

12616160 v1

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

NATURE AND STAGE OF THE PROCEEDINGS ....................................................................1

SUMMARY OF ARGUMENT ....................................................................................................1

STATEMENT OF FACTS ............................................................................................................2

ARGUMENT ...............................................................................................................................12

I.      Legal Standard ..................................................................................................................12

A.      Prejudice to Ownum, LLC if Default Judgment is Denied...............................................13

B.      Defendant Does Not Have a Litigable Defense ...............................................................15

C.      Defendant's Delay is Due to Culpable Conduct ..............................................................15

II.      Transferring the Domain Name Is Appropriate Relief .....................................................16

CONCLUSION..............................................................................................................................18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*3M Co. v. Thailand3M.net*,
   2013 U.S. Dist. LEXIS 126871 (E.D. Va. Apr. 1, 2013) ..........................................17

*Am. Bridal & Prom. Indus. Ass'n v. jollyprom.com*,
   2018 U.S. Dist. LEXIS 38898 (D.N.J. Mar. 9, 2018) ......................................14, 15

*Chamberlain v. Giampapa*,
   210 F.3d 154 (3d Cir. 2000) ...............................................................................13

*GlobalSantaFe Corp. v. Globalsantafe.com*,
   250 F. Supp. 2d 610 (E.D. Va. 2003) .................................................................17

*Hritz v. Woma Corp.*,
   732 F.2d 1178 (3d Cir. 1984) .........................................................................13, 14

*J & J Sports Prod. v. M&I Hosp. of Delaware, Inc.*,
   2018 U.S. Dist. LEXIS 196646 (D. Del. Nov. 19, 2018) ................................12, 13

*Lokai Holdings, LLC v. Patel*,
   2015 U.S. Dist. LEXIS 17002 (D.N.J. Dec. 21, 2015) .......................................17

*Pa. Bus. Bank v. Biz Bank Corp.*,
   330 F. Supp. 2d 511 (E.D. Pa. Aug. 6, 2004) ...................................................17

*Pinehurst, Inc. v. Wick*,
   256 F.Supp.2d 424 (M.D.N.C.2003) ..................................................................16

*Skeway v. China Natural Gas, Inc.*,
   2015 U.S. Dist. LEXIS 10830 (D. Del. Jan. 30, 2015) .............................13, 14, 15

*Sourcecorp, Inc. v. Croney*,
   412 F. App'x 455 (#d Cir. 2011) .......................................................................16

**Statutes**

15 U.S.C. §§1116 and 1117 .......................................................................................11

15 U.S.C §1117 .........................................................................................................11

15 U.S.C. §§ 1117 and 1125(c)(2) ...........................................................................17

15 U.S.C. § 1125 .......................................................................................................15

ii

15 U.S.C. §1125(a) ...........................................................................................................11

15 U.S.C. § 1125(d) ............................................................................................................1

15 U.S.C. § 1125(d)(2)(D) ................................................................................................16

Anticyberquatting Consumer Protection Act............................................................16, 17

Ohio Deceptive Trade Practices Act, Ohio Revised Code §4165.02 ...............................1

**Other Authorities**

Fed. R. Civ. P. 55(a) ........................................................................................................12

Fed. R. Civ. P. 55(b)(2)......................................................................................................13

https://clevelandmagazine.com/in-the-cle/the-read/articles/chain-reaction....................4

https://hedgemaven.maven-data.com/news/crypto/car-titles-on-blockchain-bernie-
    morenosownum-launches-product-that-claims-to-make-it-happen-
    clevelandcom ..........................................................................................................7

https://matr.net/news/startup-ownums-first-product-is-blockchain-vehicle-titles/..........7

https://newstral.com/en/article/en/1122379321/car-titles-on-blockchain-bernie-
    moreno-s-ownumlaunches-product-that-claims-to-make-it-happen.........................7

https://twitter.com/berniemoreno/status/1083177175304544258?lang=en.....................7

https://www.blocklandcleveland.com/solutions/speakers/ ...............................................7

https://www.champtitles.com/ ...........................................................................................9

https://www.cleveland.com/news/2019/03/car-titles-on-blockchain-bernie-
    morenos-ownumlaunches-product-that-claims-to-make-it-happen.html...................7

https://www.clevescene.com/scene-and-heard/archives/2019/03/22/bernie-
    moreno-launcheschamptitle-in-bid-to-disrupt-auto-titling ......................................7

https://www.coverager.com/company/ownum/ ................................................................7

https://www.crainscleveland.com/technology/cleveland-blockchain-company-
    ownum-hires-ohioturnpike-executive-director-randy-cole......................................7

https://www.globenewswire.com/news-
    release/2019/03/06/1749001/0/en/Chamber-of-Digital-Welcomes-Don-
    Wilson-to-Its-Advisory-Board-Seven-New-Executive-Committee-
    Members.html ..........................................................................................................7

12616160 v1

https://www.govtech.com/biz/Startup-Ownums-First-Product-is-Blockchain-Vehicle-Titles.html ............................................................................................................7

https://www.ideastream.org/programs/sound-of-ideas/summit-preview-blockchain-echnologyfront-international-triennial-for-contemporary-art ................................7

https://www.jcuea.org/EventApp.php ........................................................................................5

https://www.law.csuohio.edu/newsevents/events/2018101818005037 .............................4

https://www.linkedin.com/company/ownum/ ...........................................................................7

https://www.linkedin.com/in/bernie-moreno-4251884 ...........................................................2

https://www.linkedin.com/in/boshim ........................................................................................3

https://www.ownum.io/ .............................................................................................................7

https://www.youtube.com/watch?v=BFstTwTWeUw ...............................................................5

https://www.youtube.com/watch?v=fA9J-Nz4P_8 ..................................................................7

https://www.youtube.com/watch?v=V-JFni0mqOY ...................................................................9

https://www.youtube.com/watch?v=V-JFni0mqOY&list=PL1KsqBGyjG4hT9IJ2tyS3Z5ANBfBfi3-H&index=10 ..........................6

12616160 v1

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Ownum, LLC ("Ownum, LLC"), by and through undersigned counsel, hereby respectfully submits this Memorandum in support of the *Motion for Default Judgment on Behalf of Plaintiff Ownum, LLC* (the "Motion") filed contemporaneously herewith. This matter arises from Defendant Ownum, Inc.'s ("Defendant") trademark infringement of Ownum, LLC's CHAMPtitles and OWNUM marks, violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and violation of the Ohio Deceptive Trade Practices Act, Ohio Revised Code §4165.02.   Ownum, LLC filed a complaint (the "Complaint") asserting such claims against Defendant on June 5, 2019 [D.I. 1].  The Complaint was served upon Defendant on June 6, 2019 [D.I. 5].  Defendant has not answered the Complaint or otherwise appeared in this matter.  Due to Defendant's failure to answer or otherwise defend this action, Ownum, LLC requests that this Court issue an Order entering a default judgment against Defendant and requiring Defendant to (i) transfer the ownum.com domain name (the "Domain Name") to Ownum, LLC; and (ii) pay all legal fees and litigation costs incurred by Ownum, LLC in connection with this action.

## SUMMARY OF THE ARGUMENT

1.      Defendant is in default under the Federal Rules of Civil Procedure for failing to answer the Complaint or otherwise appear in this action.

2.      Default judgment should be entered against Defendant in favor of Ownum, LLC because: (i) Ownum, LLC will suffer prejudice if default judgment is denied; (ii) Defendant does not have a litigable defense to the Complaint; and (iii) Defendant's failure to answer the Complaint or otherwise appear in this action is due to Defendant's culpable conduct.

3.      Transfer of the Domain Name from Defendant to Ownum, LLC and an award of attorneys' fees and costs associated with bringing this action are appropriate remedies.

1

## STATEMENT OF FACTS

On June 5, 2019, Ownum, LLC filed the Complaint in this action.  [D.I. 1.]  Service of the Summons and Complaint was perfected upon Defendant on June 6, 2019.  [D.I. 5.]  Therefore, Defendant's answer or responsive pleading was due on or before June 27, 2019.

The Complaint made, *inter alia*, the following allegations:

Ownum, LLC is a technology company in the business of developing software products and services based on distributed ledger technologies, also known as blockchain technologies. Ownum, LLC has and is developing products and services for managing motor vehicle, boat, trailer, recreational vehicle, and personal watercraft titles, birth and death records and other healthcare related records, license plates and related information, and transferrable tax credits. Compl. at ¶ 8.   Ownum, LLC has been using the name "Ownum" and the "OWNUM" mark in commerce since May 2018 and has invested heavily in publicizing both.  *Id.* at ¶ 9.   On May 11, 2018, Ownum, LLC, which had initially been named Champ Titles, LLC, changed its company name to Ownum, LLC.  *Id.* at ¶ 10.

In May 2018, Bernie Moreno, the Chairman of Ownum, LLC, updated his Linkedin profile to describe "Ownum" as "a technology software incubator that develops game changing, blockchain based businesses that helps government agencies achieve substantial efficiencies and build revenue opportunities."  *See* https://www.linkedin.com/in/bernie-moreno-4251884.  Compl. at ¶ 11.   On May 29, 2018, Ownum, LLC filed to register "OWNUM" as a trademark with the United States Patent and Trademark Office.  *Id.* at ¶ 12.   On January 15, 2019, the USPTO issued a Notice of Allowance for the OWNUM mark, thereby recognizing it as a distinctive mark.   *Id.* The goods and services to which the mark will apply are described as:

> Software as a service (SAAS) featuring software employing
> blockchain technology with smart contracts to support business and

2

> government operations, in the field of state motor vehicle, boat, trailer, recreational vehicle, and personal watercraft titling; Platform as a service (PAAS) featuring software employing blockchain technology with smart contracts to support business and government operations, in the field of state motor vehicle, boat, trailer, recreational vehicle, and personal watercraft titling.

*Id.*

In July 2018, Bo Shim was hired as the Chief Technology Officer of Ownum, LLC. *Id*. at ¶ 13. Mr. Shim subsequently updated his Linkedin profile to indicate that "Ownum is a blockchain technology company focused on unlocking business growth and making government more efficient." *See* https://www.linkedin.com/in/boshim. *Id.* On July 19, 2018, Mr. Moreno and Mr. Shim, among others, met with representatives of the Ohio Bureau of Motor Vehicles to discuss Ownum, LLC's planned products and services. *Id.* at ¶ 14. In that meeting, Ownum, LLC was described as a blockchain technology company whose products and services would promote business growth and make government more efficient. *Id.*

On July 24, 2018, Mr. Moreno travelled to Washington, D.C. to have multiple meetings with various government officials on behalf of Ownum, LLC. *Id.* at ¶ 15. Among others, Mr. Moreno met with Congressman Warren Davidson; Darien Flowers, the Special Assistant to the Undersecretary in the Department of Transportation; Al Patel in the Office of Management and Budget; and Shane Tews with the American Enterprise Institute. *Id.* In those meetings, Ownum, LLC was described as a blockchain technology company whose products and services would promote business growth and make government more efficient. *Id.*

On August 2, 2018, Mr. Moreno met with representatives of Deloitte to discuss Ownum, LLC. *Id.* at ¶ 16. In that meeting, Ownum, LLC was described as a blockchain technology company whose products and services would promote business growth and make government more efficient. *Id.* Thereafter, on August 16, 2018, Destination Cleveland (the convention and

12616160 v1

visitor bureau for the Greater Cleveland, Ohio area) issued a press release in which it identified Ownum, LLC as one of the sponsors of the Blockland Solutions Conference to be held in Cleveland, Ohio in December 2018.  *Id*. at ¶ 17.   In this press release, Ownum, LLC was described as "a game changing, blockchain based business that helps government agencies achieve substantial efficiencies and build revenue opportunities."  *Id.*  In a press release dated September 6, 2018, Destination Cleveland once again identified Ownum, LLC as a sponsor of the Blockland Solutions Conference.  *Id*. at ¶ 18.   The press release contained a hyperlink to the Ownum, LLC webpage.  *Id.*

On October 8, 2018, Mr. Moreno made a presentation at the Greater Cleveland Middle Market Forum, where he was introduced as the founder of "Ownum, an idea accelerator for other blockchain startups, such as a company to put car titles on the blockchain." *Id*. at ¶ 19.   *See* https://clevelandmagazine.com/in-the-cle/the-read/articles/chain-reaction.  On October 18, 2018, Mr. Moreno participated in a panel discussion at Cleveland Marshall Law School where he was introduced as the "Chair of the innovative blockchain business-based company, Ownum…" Compl. at ¶ 20.   *See* https://www.law.csuohio.edu/newsevents/events/2018101818005037.

From December 2 to December 4, 2018, Mr. Moreno participated in several presentations and discussions with third parties at the Blockland Solutions Conference in Cleveland, Ohio at which he was introduced as the founder of Ownum, LLC.  Compl. at ¶ 21.   In addition, Ownum, LLC had a booth at the conference at which its products and services were discussed publicly with individuals and companies from across the United States.  *Id.*  The Blockland Solutions Conference was attended by over 1,600 individuals from around the country, and included 151 speakers such as Mark Hurd, the CEO of Oracle; Jerry Cuomo, the Vice President of Blockchain Technology for IBM; John Donovan, the CEO of AT&T Communications; Joseph Lubin, the co-founder of

4

12616160 v1

Ethereum; Beth Mooney, the CEO of KeyCorp; and Larry Sanger, the co-founder of Wikipedia. *Id.*

On December 4, 2018, Shane Bigelow, Ownum, LLC's CEO, participated in a panel discussion at the Blockland Solutions Conference, at which he was introduced as the CEO of Ownum, LLC and at which he discussed the types of blockchain solutions being developed at Ownum, LLC to solve challenges facing the government sector at the county and state-level. *Id.* at ¶ 22. On January 22, 2019, Mr. Bigelow spoke at John Carroll University, where he was introduced as the "CEO of Ownum, a company focused on making government and business more efficient through blockchain." *Id.* at ¶ 23. *See* https://www.jcuea.org/EventApp.php.

On March 6 and 7, 2019, the District of Columbia's Chamber of Commerce hosted its Fourth Annual Blockchain Conference at Georgetown University. Compl. at ¶ 24. Both Mr. Moreno and Mr. Bigelow spoke at the conference. *Id.* In fact, Mr. Bigelow participated in the keynote presentation with Arun Ghosh, the US Blockchain leader for KPMG. *Id.* The following is the advertisement for their presentation:



*Id. See also* https://www.youtube.com/watch?v=BFstTwTWeUw

12616160 v1

The following is a screen shot from Mr. Moreno's presentation in which the OWNUM mark appears in two separate locations in front of the audience:



Compl. at ¶ 25.  *See* https://www.youtube.com/watch?v=V-JFni0mqOY&list=PL1KsqBGyjG4hT9IJ2tyS3Z5ANBfBfi3-H&index=10.

On March 22, 2019, Mr. Moreno and Mr. Bigelow conducted a press conference regarding Ownum, LLC's products and services; the following is a screen shot of that press conference prominently displaying the OWNUM mark:



12616160 v1

Compl. at ¶ 26.  In addition to the foregoing examples, Ownum, LLC's name and the OWNUM

mark have received widespread publicity. *See, e.g.*:

> https://www.ownum.io/
>
> https://www.linkedin.com/company/ownum/
>
> https://www.youtube.com/watch?v=fA9J-Nz4P_8
>
> https://www.crainscleveland.com/technology/cleveland-blockchain-company-ownum-hires-ohioturnpike-executive-director-randy-cole
>
> https://www.clevescene.com/scene-and-heard/archives/2019/03/22/bernie-moreno-launcheschamptitle-in-bid-to-disrupt-auto-titling
>
> https://www.cleveland.com/news/2019/03/car-titles-on-blockchain-bernie-morenos-ownumlaunches-product-that-claims-to-make-it-happen.html
>
> https://www.govtech.com/biz/Startup-Ownums-First-Product-is-Blockchain-Vehicle-Titles.html
>
> https://www.zoominfo.com/c/ownum-llc/457992298
>
> https://twitter.com/berniemoreno/status/1083177175304544258?lang=en
>
> https://www.coverager.com/company/ownum/
>
> https://matr.net/news/startup-ownums-first-product-is-blockchain-vehicle-titles/
>
> https://www.globenewswire.com/news-release/2019/03/06/1749001/0/en/Chamber-of-Digital-Welcomes-Don-Wilson-to-Its-Advisory-Board-Seven-New-Executive-Committee-Members.html
>
> https://www.blocklandcleveland.com/solutions/speakers/
>
> https://www.ideastream.org/programs/sound-of-ideas/summit-preview-blockchain-echnologyfront-international-triennial-for-contemporary-art
>
> https://hedgemaven.maven-data.com/news/crypto/car-titles-on-blockchain-bernie-morenosownum-launches-product-that-claims-to-make-it-happen-clevelandcom
>
> https://newstral.com/en/article/en/1122379321/car-titles-on-blockchain-bernie-moreno-s-ownumlaunches-product-that-claims-to-make-it-happen

Compl. at ¶ 27.

From July 19, 2018 through the present, Ownum, LLC engaged in numerous discussions with governmental and non-governmental entities with respect to the implementation and deployment of its products and services including, without, limitation, required data mapping activities necessary for the implementation and deployment of its products and services.  *Id.* at ¶ 28.   As a result of Ownum, LLC's investment in publicizing its name and its goods and services and the widespread publicity Ownum, LLC has received, the relevant public has come to associate the Ownum name and the OWNUM mark with Ownum, LLC as being the source or origin of its products and services.  *Id.* at ¶ _29.

Ownum, LLC currently has four operating units:  CHAMPtitles, Vital Chain, DigiCredits and Tech Tags, each of which has adopted a unique mark to identify it and the goods and services that it has or intends to offer.  *Id.* at ¶ 30.   Those marks are as follows:

   

*Id.* at ¶ 30.  The foregoing marks are prominently displayed on Ownum, LLC's website, at https://www.ownum.io/.   *Id.* at ¶ 31.   Ownum, LLC has also prominently featured those marks in its promotional efforts as shown above in the screen shot from the March 22, 2019 press conference.   *Id.*   As another example, the following is a screen shot from Mr. Moreno's presentation at the 2019 Blockchain Summit in Washington, D.C.



Bernie Moreno, Ownum - DC Blockchain Summit 2019

*Id. See* https://www.youtube.com/watch?v=V-JFni0mqOY.

CHAMPtitles also has its own website that is linked to Ownum, LLC's website. *See* https://www.champtitles.com/. Compl. at ¶ 32. As a result of Ownum LLC''s efforts to publicize the products and services of its operating units, the consuming public has come to associate the marks of each of these operating units with both the operating units and Ownum, LLC. *Id.* at ¶ 33.

Defendant is a Delaware corporation that was formed on March 7, 2019. *Id.* at ¶ 34. Defendant operates a website using the domain name "ownum.com." *Id.* According to this website, Defendant sells products and utilizes software to manage medications. *Id.*

Defendant has recently begun to display the following mark on its website:



*Id.* at ¶ 35.

A comparison of Defendant's mark to the CHAMPtitles mark reveals a striking similarity in design:

 

*Id.* at ¶36.

Defendant's use of the Domain Name has and is likely to continue to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Ownum, LLC. *Id.* at ¶ 37. Defendant's adoption of a mark that has significant design similarities to the CHAMPtitles mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Ownum, LLC. *Id.* at ¶ 38.

Defendant's use of the Domain Name has and is likely to continue to cause confusion, or to cause mistake, or to deceive as to the source of Defendant's goods, services, or commercial activities as Ownum, LLC, or as to the sponsorship, or approval of Defendant's goods, services, or commercial activities by Ownum, LLC. *Id.* at ¶ 39. For example, in a recent discussion with a prospective business partner, the prospective business partner inquired about the goods and services it had seen on Defendant's website because the prospective business partner had mistakenly assumed that the ownum.com domain was affiliated with Ownum, LLC. *Id.*

Defendant's adoption of a mark that has significant design similarities to the CHAMPtitles mark is likely to cause confusion, or to cause mistake, or to deceive as to the source of Defendant's goods, services, or commercial activities as Ownum, LLC, or as to the sponsorship, or approval of Defendant's goods, services, or commercial activities by Ownum, LLC. *Id.* at ¶ 40. Ownum,

12616160 v1

LLC believes that it has been and is likely to continue to be damaged by Defendant's conduct. *Id.* at ¶ 41.

In April 2019, Ownum, LLC contacted Defendant in an effort to amicably resolve the confusion caused by Defendant's use of the ownum.com domain and to put Defendant on notice of Ownum, LLC's rights in and to the Ownum name. *Id.* at ¶ 42. Ownum, LLC received no reply to that communication. *Id.*

In early May 2019, Ownum, LLC again contacted Defendant in an attempt to amicably resolve the potential confusion caused by Defendant's use of the ownum.com domain. Defendant responded by demanding that Ownum, LLC pay it $1,000,000.00 for the Domain Name. *Id.* at ¶ 43. Despite repeated attempts by Ownum, LLC to resolve the matter amicably, Defendant refused to engage in any meaningful discussions and continued to insist that it be paid $1,000,000.00 for the Domain Name. *Id.*

Defendant's use of the Domain Name and its adoption of a mark that has significant design similarities to the CHAMPtitles mark is a violation of 15 U.S.C. §1125(a). *Id.* at ¶ 44. Pursuant to 15 U.S.C. §§1116 and 1117 Ownum, LLC is entitled to injunctive relief, Defendant's profits, any damages sustained by Ownum, LLC and the costs of this action. *Id.* at ¶ 45. Because Defendant has continued to use the Domain Name despite being put on notice of Ownum, LLC's rights, and because Defendant adopted a mark that is intended to mimic the marks utilized by Ownum, LLC and its subsidiaries, this is an exceptional case entitling Ownum, LLC to recover its legal fees pursuant to 15 U.S.C §1117. *Id*. at ¶ 46.

Undersigned counsel was contacted by a Delaware attorney on July 8, 2019 advising that Defendant was potentially going to retain such counsel; undersigned counsel was subsequently informed that Defendant failed to complete the retention process. Defendant failed to answer or

12616160 v1

otherwise plead by June 27, 2019.  To ensure that the correct entity had been named in this action, on July 3, 2019, Ownum, LLC requested permission from this Court to conduct pre-default limited discovery against Tucows, Inc. ("Tucows") (the current domain name registrar for the Domain Name).  [D.I. 8.]  This Court granted Ownum, LLC's request.  [D.I. 10.]  Ownum, LLC served a subpoena to Tucows to verify that Defendant is the correct owner of the Domain Name.  [D.I. 11.] In response to the subpoena, Tucows stated that the organization that owned the Domain Name was Defendant.  *See* July 18, 2019 Email from Paul Karkas, attached hereto as **Exhibit A**.  The listed contact name was Darien Nurse.  *Id.*

On September 18, 2019, the Clerk of Court for the District of Delaware issued an entry of default against Defendant pursuant to Fed. R. Civ. P. 55(a).  [D.I. 18.]  To date, Defendant has failed to answer or otherwise plead within the time required by law.  No excuse exists for Defendant's failure to act as required by the Federal Rules of Civil Procedure.  All well-pled allegations in the Complaint, therefore, are deemed admitted for purposes of the Motion. Accordingly, judgment by default should be entered against Defendant as a matter of law.

## ARGUMENT

### I.    Legal Standard

This Court should grant default judgment against Defendant and issue an Order transferring the Domain Name to Ownum, LLC, and award legal fees and litigation costs incurred in connection with this matter upon application by Ownum, LLC because Ownum, LLC has established all of the necessary predicates and Defendant has failed to appear in or defend this action.  Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure (each a "Rule") if a party has failed to plead or otherwise defend an action after proper service, "the clerk must enter the party's default."  *J & J Sports Prod. v. M&I Hosp. of Delaware, Inc.*, 2018 U.S. Dist. LEXIS

196646 at *4 (D. Del. Nov. 19, 2018).  Thereafter, if a plaintiff's claim is not for a sum certain, the plaintiff must "apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2); *J & J Sports, Inc.*, 2018 U.S. Dist. LEXIS 196646 at *4.

Defendant has failed to appear in or otherwise defend this action.   Ownum, LLC filed a *Request for Entry of Default* with the Court on September 3, 2019 [D.I. 16].  The Clerk of the Court entered a default against Defendant on September 18, 2019 [D.I. 18].  The relief Ownum, LLC seeks is not for a sum certain.  Rather, through the Complaint, Ownum, LLC seeks, *inter alia*, the transfer of the Domain Name and an award of attorneys' fees and costs associated with bringing this action.  Compl. at p. 16.   In accordance with Rule 55, through the Motion, Ownum, LLC seeks a default judgment in its favor against Defendant.   "[E]ntry of a default judgment is left primarily to the discretion of the district court."  *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).  The Third Circuit uses a three-part test to determine if default judgment is proper:

> (1) prejudice to the plaintiff if default is denied,
>
> (2) whether the defendant appears to have a litigable defense, and
>
> (3) whether defendant's delay is due to culpable conduct.

*J & J Sports, Inc.* at *4-5 (quoting *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)); *Skeway v. China Natural Gas, Inc.*, 2015 U.S. Dist. LEXIS 10830 at *1 (D. Del. Jan. 30, 2015).

This Court should grant default judgment against Defendant because all of the factors as set forth by the Third Circuit Court of Appeals *Chamberlain v. Giampapa* weigh in favor of Ownum, LLC.

### A.    Prejudice to Ownum, LLC if Default Judgment is Denied

Ownum, LLC will continue to be prejudiced if a default judgment is denied and, therefore, the first factor of the default judgment analysis is established.   Where a plaintiff's factual

12616160 v1

allegations establish a right to the requested relief, entry of a default judgment is permissible. *Am. Bridal & Prom. Indus. Ass'n v. jollyprom.com*, 2018 U.S. Dist. LEXIS 38898 at *3 (D.N.J. Mar. 9, 2018) (internal citations omitted). Here, Ownum, LLC seeks a transfer of the Domain Name and payment by Defendant of the costs and fees incurred by Ownum, LLC in bringing this action. Compl. at p. 16.   The Complaint sets forth the factual predicates for such relief: Defendant has intentionally engaged in a course of conduct utilizing the Domain Name and a mark that is substantially similar to those used by Ownum, LLC in an effort to capitalize on Ownum, LLC's efforts and Defendant acquired the Domain Name with the bad faith intent to profit from it.  Compl. at ¶¶ 8-58.  "The court must accept the plaintiff's well-pled factual allegations in the complaint." *Id.* (internal citations omitted).   And, while it is preferable to decide cases on their merits, where, as here, a defendant does not appear or otherwise respond to a complaint, there is no opportunity to have the matter adjudicated on the merits and a default judgment is appropriate.  *Id.* at *4 *citing Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 51 (3d Cir. 2008); and *Hritz v. Woma Corp.*, 732 F. 2d 1178, 1180 (3d Cir. 1984).  *See also Skeway*, 2015 U.S. Dist. LEXIS 10830 (holding that when a defendant has not answered the complaint or otherwise appeared in an action, the plaintiff cannot proceed further against the defendant "other than by seeking a default judgment.") Further delay in entry of a default judgment against such a defendant constitutes prejudice to Ownum, LLC.

Here, because Defendant has failed to answer the Complaint or otherwise plead or appear in this action, the Court must accept all of Ownum, LLC's well-pled allegations as true, including without limitation, the factual allegations set forth in Paragraphs 8 through 58 of the Complaint. Due to Defendant's failure to appear in this matter, Ownum, LLC may only proceed by seeking a default judgment against Defendant.  Delay in entry of a default judgment against Defendant would

14

12616160 v1

be prejudicial to Ownum, LLC because it would allow Defendant to continue to operate and likely profit from its use of the Domain Name in contravention of 15 U.S.C. § 1125, which would continue to cause confusion in the marketplace and cause economic harm to Ownum, LLC through loss of customers and profits. The only way Ownum, LLC may proceed in this matter is through a default judgment and Ownum, LLC will be prejudiced as set forth *supra* if there is a delay in entry of the default judgment or if a default judgment is not entered.

      B.    <u>Defendant Does Not Have a Litigable Defense</u>

Defendant does not have a litigable defense because it has not answered the Complaint or otherwise appeared in this action and, therefore, Ownum, LLC has established the second factor of the default judgment analysis. "[W]hether a defendant has a meritorious or litigable defense is regarded as a dispositive issue." *Am. Bridal & Prom. Indus. Ass'n*, 2018 U.S. Dist. LEXIS 38898 at *8 (internal citations omitted). Where, as here, a defendant does not respond to or appear in an action, the defendant does not have a litigable defense. *J&J Sports, Inc.* at * 5 and *Skeway* at *2. Defendant has not responded to the Complaint or otherwise appeared in this action. Consequently, it does not have a litigable defense. Ownum, LLC has satisfied the second factor of the applicable default judgment standard.

      C.    <u>Defendant's Delay is Due to Culpable Conduct</u>

Defendant's failure to respond to the Complaint or otherwise appear in this matter is, upon information and belief, due to Defendant's culpable conduct and, consequently, the third factor of the default judgment analysis is established. Where a defendant has been served with process and fails to respond to the Complaint, "it can be inferred that the delay is due to culpable conduct." *J&J Sports, Inc.* at *5 (internal quotations omitted); *see also Skeway*, at *2. "[C]ulpable conduct refers to 'actions taken willfully or in bad faith,' rising above the level of mere negligence." *Am.*

12616160 v1

*Bridal & Prom. Indus. Ass'n*, 2018 U.S. Dist. LEXIS 38898 at *9 *citing Gross v. Stereo Component Sys., Inc.*, 700 F. 2d 120, 124 (3d Cir. 1983) and *Sourcecorp, Inc. v. Croney*, 412 F. App'x 455, 460 (#d Cir. 2011).

In the matter *sub judice*, Defendant has failed to respond to the Complaint or otherwise appear in this matter.   Defendant was duly served with the Complaint via its registered agent on July 6, 2019 [D.I. 5].   Undersigned counsel was contacted by a Delaware attorney on July 8, 2019 advising that Defendant was potentially going to retain such counsel; undersigned counsel was subsequently informed that Defendant failed to complete the retention process.   Based upon service of process upon Defendant's registered agent and Defendant's contact with prospective Delaware counsel, it is reasonable to deduce that Defendant is aware both of this action and the manner, generally, in which to defend against this action.   Defendant has made no contact with undersigned counsel since this action was commenced.   Defendant's failure to respond to the Complaint, appear in this action or contact undersigned counsel therefore demonstrates willful actions constituting culpable conduct and the third and final factor of the default judgment standard is satisfied.

## II.   Transferring the Domain Name Is Appropriate Relief

Transferring the Domain Name from Defendant to Ownum, LLC is appropriate relief as such relief is provided for in the governing statute and Ownum, LLC has met the requisite default judgment standard.   Pursuant to 15 U.S.C. § 1125(d)(2)(D), the remedies for a violation of the Anticyberquatting Consumer Protection Act are "forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark."   *See Pinehurst, Inc. v. Wick*, 256 F.Supp.2d 424, 432 (M.D.N.C.2003) (ordering the transfer of identical or confusingly similar domain names to the plaintiff and permanently enjoining the defendant from using identical or

12616160 v1

confusingly similar terms); *GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 617 (E.D. Va. 2003) (holding that "it is unmistakably clear that both transfer and cancellation are proper remedies under the statute").  *See also 3M Co. v. Thailand3M.net*, 2013 U.S. Dist. LEXIS 126871 (E.D. Va. Apr. 1, 2013) (ordering the transfer of a domain name pursuant to the Anticybersquatting Consumer Protection Act); *Lokai Holdings, LLC v. Patel*, 2015 U.S. Dist. LEXIS 17002 (D.N.J. Dec. 21, 2015) (same); and *Pa. Bus. Bank v. Biz Bank Corp.*, 330 F. Supp. 2d 511 (E.D. Pa. Aug. 6, 2004) (same).  Ordering the transfer of the Domain Name from Defendant to Ownum, LLC is appropriate relief for Defendant's violation of the Anticybersquatting Consumer Protection Act.

Further, the Anticybersquatting Consumer Protection Act provides for the award of attorneys' fees and costs incurred by Ownum, LLC in bringing this action and such relief is appropriate under the circumstances 15 U.S.C. §§ 1117 and 1125(c)(2).

**[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]**

12616160 v1

## CONCLUSION

Based on the foregoing, Plaintiff Ownum, LLC respectfully requests that the Court enter a default judgment against Defendant and issue an Order transferring the Domain Name to Ownum, LLC and permanently enjoining Defendant from using the Domain Name and any variation thereof that is confusingly similar to OWNUM, as well as awarding legal fees and litigation costs incurred in connection with this matter upon application by Ownum, LLC.

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

Dated: September 18, 2019

  */s/ Jennifer R. Hoover*
JENNIFER R. HOOVER (DE No. 5111)
KATE HARMON (DE No. 5343)
222 Delaware Avenue, Suite 801
Wilmington, Delaware 19801-1611
Telephone: 302.442.7010
Facsimile: 302.442.7012
Email: jhoover@beneschlaw.com
        kharmon@beneschlaw.com

**FRANTZ WARD LLP**

*/s/ James B. Niehaus*
James B. Niehaus
200 Public Square, Suite 3000
Cleveland, Ohio 44114
Telephone: 216.515.1611
Email: jniehaus@frantzward.com
*Pro Hac Vice*

*Attorneys for Plaintiff Ownum, LLC*

18

12616160 v1