UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| OWNUM, LLC, | ) |
|         Plaintiff, | ) CASE NO. 1:19-cv-01043-MN |
| v. | ) |
| OWNUM, INC., | ) |
|         Defendant. | ) |

## JUDGMENT ENTRY AND ORDER

This matter came before the Court on the motion of Plaintiff Ownum, LLC ("Ownum, LLC") for judgment by default against Defendant Ownum, Inc. ("Defendant"). The docket in this matter shows that Defendant was properly served with the Complaint and Summons and that Defendant failed to answer or otherwise defend. As a result of Defendant's failure to respond to the Complaint, the factual allegations are deemed admitted. Fed. R. Civ. P. 8(b)(6).

Upon review of the Compliant in this matter and the additional information submitted in support of Plaintiff's Motion, this Court finds as follows:

1. Ownum, LLC is an Ohio limited liability company with its principal place of business in Cleveland, Ohio. Ownum, LLC is a technology company in the business of developing software products and services based on distributed ledger technologies, also known as blockchain technologies.

2. Ownum, LLC has been using the name "Ownum" and the "OWNUM" mark in commerce since May 2018 and has invested heavily in publicizing both.

3. On May 29, 2018, Ownum, LLC filed to register "OWNUM" as a trademark with the United States Patent and Trademark Office. On January 15, 2019, the USPTO issued a Notice

12616169 v1

of Allowance for the OWNUM mark, thereby recognizing it as a distinctive mark. The goods and services to which the mark will apply are described as:

> Software as a service (SAAS) featuring software employing blockchain technology with smart contracts to support business and government operations, in the field of state motor vehicle, boat, trailer, recreational vehicle, and personal watercraft titling; Platform as a service (PAAS) featuring software employing blockchain technology with smart contracts to support business and government operations, in the field of state motor vehicle, boat, trailer, recreational vehicle, and personal watercraft titling.

4.     From July 19, 2018 through the present, Ownum, LLC engaged in numerous discussions with governmental and non-governmental entities with respect to the implementation and deployment of its products and services including, without, limitation, required data mapping activities necessary for the implementation and deployment of its products and services.

5.     As a result of Ownum, LLC's investment in publicizing its name and its goods and services and the widespread publicity Ownum, LLC has received, the relevant public has come to associate the Ownum name and the OWNUM mark with Ownum, LLC as being the source or origin of its products and services.

6.     Ownum, LLC currently has four operating units, including CHAMPtitles. CHAMPtitles has adopted the following mark to identify it and the goods and services that it has or intends to offer (the "CHAMPtitles Mark"):



7.     The CHAMPtitles Mark is prominently displayed on Ownum, LLC's website, at https://www.ownum.io/ and is used in promotional efforts by Ownum, LLC.

8.     CHAMPtitles also has its own website that is linked to Ownum, LLC's website. See https://www.champtitles.com/.

12616169 v1

9. As a result of Ownum's efforts to publicize the products and services of its CHAMPtitles operating unit, the consuming public has come to associate the CHAMPtitles Mark with CHAMPtitles and Ownum, LLC.

10. Defendant is a Delaware corporation. Defendant owns the "ownum.com" domain and operates a website at that address that sells products and utilizes software to manage medications. At the time Defendant acquired the onwum.com domain, the Ownum mark, as owned by Ownum, LLC, had become distinctive.

11. Defendant has recently begun to display the following mark on its website ("<u>Defendant's Mark</u>"):



12. Defendant's Mark and the CHAMPtitles Mark are strikingly similar in design:

    

13. Defendant's use of the "ownum.com" domain has and is likely to continue to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Ownum, LLC.

3

14. Defendant's adoption of Defendant's Mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Ownum, LLC.

15. Defendant's use of the "ownum.com" domain has and is likely to continue to cause confusion, or to cause mistake, or to deceive as to the source of Defendant's goods, services, or commercial activities as Ownum, LLC, or as to the sponsorship, or approval of Defendant's goods, services, or commercial activities by Ownum, LLC.

16. Defendant's adoption of Defendant's Mark is likely to cause confusion, or to cause mistake, or to deceive as to the source of Defendant's goods, services, or commercial activities as Ownum, LLC, or as to the sponsorship, or approval of Defendant's goods, services, or commercial activities by Ownum, LLC.

17. Members of the relevant public who become familiar with Ownum, LLC will likely first visit the ownum.com domain in an attempt to learn more information about Ownum, LLC. Upon visiting that site, they will be presented with products and related software that are being marketed to assist patients to manage their medications. Members of the relevant public have been and will likely be misled into believing that Ownum, LLC has expanded its products and services to also sell products and use software to assist patients to manage their medications.

18. Ownum, LLC's OWNUM mark is distinctive and was distinctive at the time Ownum, Inc. acquired the ownum.com domain.

19. Defendant's "ownum.com" domain is confusingly similar to the OWNUM mark.

20. Defendant's use of the "ownum.com" domain is for commercial purposes and is not a fair use of Ownum, LLC's OWNUM mark.

12616169 v1

21. Defendant has demanded that Ownum, LLC pay it $1 Million for the ownum.com domain. Defendant is aware of Ownum, LLC's rights in and to the OWNUM mark and that members of the relevant public are likely to visit the ownum.com domain in their efforts to learn more about Ownum, LLC, and Defendant is relying on that likelihood in an effort to profit from its use of the domain.

On the basis of the foregoing, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED that:

1. Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, *see* Fed.R.Civ.P. 65(d); *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 393-94 (D. Del. 1999), are enjoined from further use of the "ownum.com" domain and any variation thereof which would be confusingly similar to the OWNUM Mark.

2. Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, *see* Fed.R.Civ.P. 65(d); *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 393-94 (D. Del. 1999), are enjoined from further use of Defendant's Mark and any variation thereof which would be confusingly similar to the CHAMPtitles Mark.

3. Because Defendant has continued to use the ownum.com domain despite being put on notice of Ownum, LLC's rights, and because Defendant adopted a mark that is intended to mimic the marks utilized by Ownum, LLC and its subsidiaries, this is an exceptional case.

4. As evidenced by Defendant's demand for $1 Million to sell the ownum.com domain to Ownum, LLC, Defendant acquired the ownum.com domain name with the bad faith intent to profit from it.

12616169 v1

5.       Defendant has violated the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) as a result of the conduct outlined above.

7.       Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, *see* Fed.R.Civ.P. 65(d); *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 393-94 (D. Del. 1999), are ordered to transfer to Ownum, LLC ownership and control of the [www.ownum.com](www.ownum.com) domain name.  *See* 15 U.S.C. § 1125(d)(2)(D); *see also Pinehurst, Inc. v. Wick*, 256 F.Supp.2d 424, 432 (M.D.N.C.2003) (ordering the transfer of identical or confusingly similar domain names to the plaintiff and permanently enjoining the defendant from using identical or confusingly similar terms); *GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F.Supp.2d 610, 617 (E.D.Va.2003) ("it is unmistakably clear that both transfer and cancellation are proper remedies under the statute"); and

8.       Ownum, LLC is entitled to recover its reasonable attorneys' fees and costs incurred with this litigation.  Ownum, LLC may submit a fee application for fees following entry of this Judgment.

**SO ORDERED.  FINAL.  NO JUST REASON FOR DELAY.**

_____          _____
DATE                                                                            JUDGE MARYELLEN NOREIKA

12616169 v1