**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| OWNUM, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-1043-MN |
| | ) |
| OWNUM, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## REPORT AND RECOMMENDATION

As announced at the hearing on April 6, 2020, I recommend GRANTING Plaintiff's Motion for Default Judgment against Ownum, Inc. (D.I. 19). My Report and Recommendation regarding the pending motion was announced from the bench at the conclusion of the hearing as follows:

> This case involves an alleged violation of the Anticybersquatting Consumer Protection Act (or ACPA), 15 [U.S.C. §] 1125(d). Before the Court is plaintiff's motion for default judgment set forth at [D.I.] 19 and revised proposed judgment entry and order of injunction set forth at Attachment 2 to [D.I.] 25.
>
> The record before the Court reflects the following procedural history.
>
> Plaintiff filed its complaint on June 5, 2019. On June 7, 2019, plaintiff filed with the Court an affidavit that indicates that plaintiff served defendant's Delaware registered agent with the summons and complaint on June 6, 2019. On July 10 and August 6, 2019, after defendant failed to respond to the complaint, Judge Noreika authorized limited discovery related to the ownership of the domain "ownum.com" from the current registrar of that domain name. Plaintiff requested entry of default against defendant on September 3, 2019, and the Clerk of Court entered default on September 18, 2019. That same day, plaintiff moved for entry of default judgment at [D.I.] 19.
>
> The motion was referred to me for a report and recommendation on January 21, 2020. I held a hearing in this matter on February 28, 2020. During the hearing, I requested supplemental briefing on the issue of whether the defendant's acquisition of the ownum.com domain name was a "registration" within the meaning of 15 [U.S.C. §] 1125(d)(1)(A)(ii)(I). I also requested that plaintiff's supplemental briefing set forth its position on the application of the statutory factors

set forth in [§] 1125(d)(1)(B) that courts may consider in determining whether a defendant had a bad faith intent. I also asked for additional information supporting plaintiff's request for attorney's fees. Plaintiff's March 20, 2020 supplemental briefing at [D.I.] 25 complied with my request and plaintiff's proposed order indicated that plaintiff was dropping its attorney's fees claim.

During the February 28, 2020 hearing, I also ordered plaintiff to re-file its proposed judgment and order for injunction with certain requested revisions. In particular, I requested that its proposed order be modified to make it compliant with Rule 65(b), in particular by including proposed findings of fact and conclusions of law sufficient to support the issuance of an injunction. I also requested that plaintiff narrow the scope of the requested injunction. Plaintiff's March 20, 2020 revised judgment and order at Attachment 2 to [D.I.] 25 complied with my request.

On April 1, 2020, plaintiff filed with the Court an affidavit that indicated that plaintiff served defendant's registered agent with its supplemental briefing and its revised proposed judgment and order on March 27, 2020.

Despite being served with a complaint and a supplemental briefing and despite the docket indicating how to obtain the dial-in information for this hearing, defendant has never entered an appearance in this case.

The legal standards governing entry of default judgment are set forth in Judge Stark's opinion in *J&J Sports Product*[*ion, Inc., v. Kim*, C.A. No. 14-1170, 2016 WL 1238223, *1 (D. Del. Mar. 29, 2016)]. Entry of default is a two-step process. First, a party seeking to obtain a default judgment must request that the Clerk of the Court enter the default of the party that has not answered the pleading or otherwise defended within the time required by the rule or as extended by court order. A party who defaults by failing to plead or defend admits allegations in the complaint related to the claims, but does not admit the allegations in the complaint as to the amount of damages.

After obtaining an entry of default, a plaintiff can obtain a default judgment. If the plaintiff's claim is for a sum certain or a sum that can be made certain, the plaintiff may obtain default judgment from the court clerk. In all other cases, the party must apply to the Court for a default judgment.

The allegations in the complaint, which I take as true, are summarized as follows.

Plaintiff, an Ohio LLC, is a technology company in the business of blockchain software products and services. Plaintiff has been using the name "Ownum" and the word "Ownum" in commerce since May 2018. Plaintiff has used the Ownum name in, including but not limited to, its LinkedIn profile information, its meetings with numerous governmental bodies and representatives, and its meetings with industry members. Plaintiff's complaint describes these uses among

others and also lists news publications evidencing plaintiff's use of the Ownum name.

On May 29, 2018, plaintiff filed to register "OWNUM" as a trademark with the United States Patent and Trademark Office. On January 15, 2019, the [USPTO] issued a Notice of Allowance for the Ownum mark for use in connection with software as a service and platform as a service. Plaintiff's mark was distinctive at least as of January 15, 2019.

Defendant is a Delaware corporation formed on March 7, 2019. Defendant operates a website with the domain name "ownum.com." In May 2019, plaintiff contacted defendant regarding defendant's use of the ownum.com domain name. Defendant requested that plaintiff pay $1 million for the rights to the ownum.com [domain name].

Courts are permitted to consider affidavits and other evidentiary materials on a motion for default. The attachments to plaintiff's briefing, in particular, Exhibit A to [D.I.] 19 and Exhibit A to [D.I.] 25, indicate the following. The ownum.com domain was initially registered with the registrar 1&1 Internet, Inc. on April 30, 2013, by a third party having an address in Decatur, Georgia. The current registrar of the ownum.com domain is Tucows, Inc. In February 2019, defendant used squarespace.com to initiate the transfer of the domain from 1&1 Internet to Tucows. Tucows has been the registrar since February 2019 when defendant acquired the rights to the domain and became the registrant with Tucows.

Plaintiff's complaint contains four counts. Plaintiff is moving for default on Count I, alleging violation of the ACPA, 15 [U.S.C. §] 1125(d).

I conclude that the well-pleaded facts of the complaint and the additional material submitted with plaintiff's supplemental briefing establish[] defendant is liable on Count I. A defendant is liable to a trademark owner under 15 [U.S.C. §] 1125(d)(1)(A)(ii)(I) where the defendant registered, trafficked in, or used a domain name that is identical or confusingly similar to the plaintiff's mark, the plaintiff's mark was distinctive at the time the defendant registered the domain name, and the defendant had a bad faith intent to profit from the mark. Section 1125(d)(1)(B) contains a non-exhaustive list of factors that courts may consider in determining whether the defendant had a bad faith intent.

The record demonstrates that all of those elements are met here. Plaintiff owned a trademark in the name Ownum. Plaintiff's mark is presumed distinctive at least as of January 15, 2019, when the USPTO published a Notice of Allowance for the mark. The record also demonstrates that defendant used a domain name that is identical to the Ownum mark, namely the ownum.com website.

In addition, the record demonstrates that plaintiff's mark was distinctive at the time defendant registered the ownum.com domain name at Tucows in February

2019. And I note that in *Schmidheiny* [*v.*] *Weber*, [319 F.3d 581 (3d Cir. 2003)], the Third Circuit explained that the term "registration" includes circumstances where, as here, a domain name is transferred to a new registrar and to a different registrant.

The record also contains sufficient facts to support a finding that defendant had a bad faith intent to profit from the mark. I agree with plaintiff that statutory factors 1, 3, 5, 6, and 9 weigh in favor of a finding of bad faith for the reasons set forth in its briefing.

As to factor 1, defendant does not have any IP rights in the mark because it only started using the domain after plaintiff filed for registration of the Ownum mark and began using that mark in commerce. As to factor 3, although it is not clear from the complaint whether defendant ever used the domain with a *bona fide* offer of its goods and services, the record establishes that defendant only acquired and used the domain after the USPTO published plaintiff's Notice of Allowance. As to factor 5, as I mentioned, defendant only began using the domain name after the Notice of Allowance, which permits an inference of its intent to divert plaintiff's customers to its website. As to 6, defendant offered to sell the ownum.com domain name to plaintiff for $1 million. Factor 9 is the extent to which the Ownum mark is distinctive. By virtue of federal registration, the Ownum mark is presumed to be distinctive.

The rest of the factors are either neutral or weigh against a finding of bad faith. Having considered this non-exhaustive list of statutory factors as well as the totality of the circumstances in the default judgment record, I conclude that the record supports a finding that defendant had a bad faith intent to profit from plaintiff's mark. Accordingly, I conclude that the record establishes liability on Count I and I recommend that Judge Noreika enter default judgment on Count I.

Now I'll turn to the remedy to be ordered. Plaintiff currently only seeks injunctive relief. First, plaintiff seeks an injunction preventing defendant from using the ownum.com domain name. Pursuant to 15 [U.S.C. §] 1116(a), the Court has authority to grant an injunction according to the principles of equity as to prevent the violation of [§] 1125(d). As set forth in [*Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*, 774 F.3d 192, 203-04 (3d Cir. 2014)], the Supreme Court's decision in [*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006)] applies to injunctions under the Lanham Act.

Accordingly, a party seeking an injunction must demonstrate the following: (1) it will suffer irreparable injury; (2) no remedy available at law could adequately remedy that injury; (3) the balance of the hardship tips in its favor; and (4) an injunction would not disserve the public interest. During the prior teleconference, I requested that plaintiff make certain changes to its proposed injunction. I have reviewed the revised proposed injunction order submitted by plaintiff and I agree

that the record supports the issuance of an injunction here under the four equitable factors for the reasons set forth in plaintiff's proposed order.

Plaintiff also seeks a second form of injunctive relief: transfer of the domain name to plaintiff. Plaintiff requests such relief under 15 [U.S.C. §] 1125(d)(2)(D), but that section applies to *in rem* actions. Because this is an action *in personam*, the proper section is 15 [U.S.C. §] 1125(d)(1)(C).

Pursuant to [§] 1125(d)(1)(C), the Court may transfer the domain name to the owner of the mark as a remedy. Plaintiff's proposed transfer order applies to the same parties bound by the injunction based on the language of Rule 65(b). It does not bind registrars that are not parties before the Court, but it does include language indicating that this order serves as an authorization for such non-party registrars to transfer the domain to plaintiff. The order requires defendant to follow the rules and regulations of ICANN. The [order] further requires defendant to transfer the domain to the registrar of plaintiff's choice. The order also provides the defendant with 15 days from entry of judgment to effectuate the transfer.

I have reviewed the proposed order submitted by plaintiff and I agree that the record supports the issuance of an order requiring defendant to transfer the domain to plaintiff. I do, however, recommend that Judge Noreika make the following changes to the proposed judgment entry and order.

First, in the first paragraph on page 1, as well as in the clause on page 12 that states "IT IS HEREBY ADJUDGED ORDERED AND DECREED," I recommend that the order clarify that default is being entered only on Count I. I also recommend that the following language be stricken from page 12, paragraph 1: "and any variation thereof which would be confusingly similar to the Ownum mark." The record in this case only establishes that defendant used a single domain name, ownum.com. Whether there are any variations of that five-letter name that could be found confusingly similar is not before the Court and there's no indication on this record that defendant will use any such name. As I mentioned earlier, the order should indicate that the statutory basis for transfer of the domain is 15 [U.S.C. §] 1125(d)(1)(C). Finally, while I appreciate plaintiff's analysis of the bad faith factors in its briefing, I do not think a lengthy analysis is required in an actual injunction order and I recommend that Judge Noreika cut that down and make a short finding of bad faith.

In conclusion, I recommend that Judge Noreika grant plaintiff's motion for default judgment. I further recommend that Judge Noreika sign the proposed judgment entry and order of injunction at Attachment 2 to [D.I.] 25 with the edits I have requested.

And I note for the Court's benefit that there is precedent in this district for the district judge signing off on a default judgment and injunction in a form submitted by a plaintiff containing proposed findings of fact and conclusions of

law.  In particular, I note that in the case of *United States v. All-Trans Transmission*[*, Inc.*], [C.A.] 16-23, the plaintiff submitted a motion for default judgment along with a lengthy proposed order including findings of fact and conclusions of law at [D.I.] 11, and Judge Robinson entered that order at [D.I.] 14.

I further recommend that Judge Noreika order Plaintiff to serve Defendant's Delaware Registered Agent with the Court's Order within ten days of its issuance.

This Report and Recommendation was issued pursuant to 28 U.S.C. § 636(b)(1)(B),(C), Federal Rule of Civil Procedure 72(b)(1), and District of Delaware Local Rule 72.1.  Any objections to the Report and Recommendation must be filed within fourteen days of its issuance and limited to ten pages.  Any response shall be filed within fourteen days thereafter and limited to ten pages.  The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court.

The parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated October 9, 2013, a copy of which can be found on the Court's website.


Dated:   April 17, 2020            _____
                                   Jennifer L. Hall
                                   UNITED STATES MAGISTRATE JUDGE